# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE L. PARCHMAN,**
        **Petitioner,**

    v.                                                                              **Case No. 10-C-1063**

**WILLIAM POLLARD, Warden,**
**Green Bay Correctional Institution,**
        **Respondent.**

## ORDER

On November 26, 2010, Willie L. Parchman filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first-degree intentional homicide as party to the crime. He was given a life sentence and is currently incarcerated at Green Bay Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

The petition includes four grounds for habeas relief that petitioner appears to have exhausted in state court: (1) ineffective assistance of trial counsel; (2) deprivation of procedural due process; (3) newly discovered exculpatory evidence; and (4) the prosecutor

violated Brady v. Maryland by failing to disclose certain evidence. At least some of these four claims are cognizable on habeas review. However, the petition also includes two claims that petitioner concedes he did not exhaust in state court: a second claim involving newly discovered exculpatory evidence, and a claim of ineffective assistance of appellate counsel. Petitioner states that he has hired an attorney to file motions in state court regarding these claims, but that the attorney has not yet filed the motions. He states that he filed the present petition even though it includes unexhausted claims in order to prevent the one-year limitations period, 28 U.S.C. § 2244(d), from running before his attorney files the motions. Because the Wisconsin Supreme Court declined to hear petitioner's case on November 3, 2009, the one-year limitations period will expire in February 2011. (90 days are added to the period to reflect the time petitioner had to file for review in the United States Supreme Court.)

A district court may not consider "mixed" habeas petitions – i.e., petitions containing both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 510 (1982). However, under Rhines v. Weber, 544 U.S. 269 (2005), a district court may stay a mixed habeas petition and hold it in abeyance while the petitioner exhausts state-court remedies. The purpose of this stay-and-abeyance procedure is to allow petitioners to ensure that the one-year limitations period does not expire pending exhaustion of the unexhausted claims in state court. Petitioner has filed a motion asking that I employ this procedure in the present case.

Stay and abeyance is available so long as the petitioner shows good cause and the petitioner's unexhausted claims are not plainly meritless. Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008). The latter requirement is met in the present case because it

2

appears that petitioner's claim of ineffective assistance of appellate counsel is colorable.

As for good cause, petitioner indicates that his attorney will not be able to draft and file the state motions before the time remaining under § 2244(d) expires.[1]  Although petitioner does not provide any details about the reasons why his attorney cannot file the motions promptly, I find that the possibility of the limitations period running before petitioner's attorney files the motions is sufficient to constitute good cause.  Cf. Holland v. Florida, __ U.S. __, 130 S. Ct. 2549 (2010).  Therefore, petitioner's request for stay and abeyance will be granted.

However, to prevent this case from languishing on the docket, petitioner will be ordered to provide updates every 90 days regarding the status of the state-court motions. If it appears that petitioner is not diligently pursuing his state-court remedies, I may decide to lift the stay.  Thus, petitioner is advised to ensure that his attorney files the state-court motions soon.

Accordingly, **IT IS ORDERED** that petitioner's motion to hold his petition in abeyance is **GRANTED**.  This case is hereby **STAYED** until further notice, with the exception that the petitioner is ordered to file statements providing updates as to the status of the proceedings in state court every 90 days.  Petitioner's first status report is due on March 10, 2011.

---

[1]Assuming the state motions will constitute "properly filed application[s] for State post-conviction or other collateral review," the one-year limitations period will be tolled during the time that such motions are pending.  28 U.S.C. § 2244(d)(2).

The Clerk of Court shall provide notice of this action to the Wisconsin Attorney General in accordance with the Memorandum of Understanding between the Clerk and the Wisconsin Department of Justice.

Dated at Milwaukee, Wisconsin, this 10th day of December, 2010.

/s_____
LYNN ADELMAN
District Judge